**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**FUHGETABOUTIT, LLC, et al.**                                                                                   **PLAINTIFFS**

**V.**                                                                        **CIVIL ACTION NO. 1:10-CV-207-SA-JAD**

**COLUMBUS POLICE DEPARTMENT, et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is an Amended Motion to Dismiss and/or for Summary Judgment [74] filed by Defendant Lowndes County, for itself and for the benefit of the Columbus-Lowndes Metro Narcotics Unit (collectively, the County Defendants). Plaintiffs have responded to the Motion by requesting a voluntary dismissal without prejudice as to Lowndes County.

## BACKGROUND FACTS & PROCEDURAL HISTORY

This cause began as a lawsuit brought by Fuhgetaboutit, LLC; Golden Horn, Inc.; and Frederic Fields, individually and as a member of Fuhgetaboutit, LLC, and as a stockholder in Golden Horn, Inc., against the Columbus Police Department, Lowndes County Sheriff's Department, Columbus-Lowndes Metro Narcotics Unit, and officers David Criddle and John Duke, in their individual and official capacities, as well as twelve John Doe Defendants, for civil rights violations and defamation centering around events occurring in and around the Fuhghetaboutit Bar and Grill.

In a March 10, 2011 Order [36], this Court granted the County Defendants' Motion for a More Definite Statement. Plaintiffs were ordered to put forward specific allegations against each Defendant named in Plaintiffs' Complaint. Plaintiffs were also granted leave to substitute the Lowndes County Sheriff's Department and Columbus Police Department for the proper municipal entities. In a June 7, 2011 Order [66], this Court granted Defendants' Motion to Strike Plaintiffs' First Amended Complaint because it attempted to add additional claims and parties without leave

of Court in violation of Federal Rule of Civil Procedure 15(a)(2). The Court afforded Plaintiffs another opportunity to comply with its March 10, 2011 Order. On June 21, 2011, Plaintiffs filed their Second Amended Complaint. The County Defendants now move the Court to dismiss this cause as to the County Defendants under Rules 12, 41(b), and 56. In response, Plaintiffs admit that the Second Amended Complaint does not contain any allegations against Lowndes County, but "[t]hat as a result of this, the Plaintiffs are consenting to a voluntary dismissal of all claims in this matter against Lowndes County, Mississippi pursuant to Federal Rule of Civil Procedure 41(a)(2)." The County Defendants oppose a voluntary dismissal at this point.

## MOTION TO DISMISS STANDARD

Because the Court finds it unnecessary to consider matters outside the pleadings, the Court will consider Defendants Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## DISCUSSION

*Defendant Columbus-Lowndes County Metro Narcotics Unit*

Lowndes County maintains the Columbus-Lowndes Metro Narcotics Unit is not an entity amenable to suit as a matter of law. Plaintiffs have failed to respond to this argument. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court

2

is held." Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991) (quoting FED. R. CIV. P. 17(b)). Therefore, the Court looks to the law of Mississippi to determine if the Columbus-Lowndes Metro Narcotics Unit is an entity subject to suit. The Complaint avers that "Defendant, Columbus Metro Narcotics Unit is a drug enforcement partnership unit comprised of officers of both the Columbus Police Department and the Lowndes County Sheriff's Department." In Mississippi, police and Sheriff's departments are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties. See Brown v. Thompson, 927 So. 2d 733 (Miss. 2006) (dismissing suit against Sheriff's department because it did not constitute a 'political subdivision' under the Mississippi Tort Claims Act). Like a Sheriff's department, the Narcotics Unit is not a separate legal entity apart from the City of Columbus or Lowndes County. Furthermore, the Complaint contains no allegations against this entity, except to allege that Defendants David Criddle and John Duke were assigned to it. As such, Plaintiffs' claims, to the extent any are asserted in the Second Amended Complaint against this entity, shall be dismissed.

*Defendant Lowndes County*

Plaintiffs somewhat candidly admit that the Second Amended Complaint does not include any allegations against Lowndes County. However, Plaintiffs then state, "That as a result of this, the Plaintiffs are consenting to a voluntary dismissal of all claims in this matter against Lowndes County, Mississippi, pursuant to Federal Rule of Civil Procedure 41(a)(2)." Plaintiffs offer no other argument or explanation on this point. Lowndes County responds that it opposes a voluntary dismissal, and contends that it would be prejudiced at this point by a dismissal without prejudice.

First, the Court notes that Plaintiffs' request for a voluntary dismissal fails to comply with Local Rule 7(c), which states, "A response to a motion may not include a counter-motion in the same

document. Any motion must be an item docketed separately from a response." L.U.Civ.R. 7(c). Plaintiffs have been repeatedly admonished throughout this litigation to follow the applicable rules of court, and the request for a voluntary dismissal is subject to denial on that basis alone. Nevertheless, the Court will construe Plaintiffs' statement in their response to the County Defendants' pending motion as a motion for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) and consider it on the merits. Rule 41(a)(2) provides that after an opposing party has served either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." The decision to grant or deny a motion for a voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the district court. Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990).

The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) (citing Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990)). Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense. In re FEMA Trailer Formaldahyde Products Liability Litigation, 628 F.3d 157, 162-63 (5th Cir. 2010) (citing cases).

The Fifth Circuit has identified the following factors to take into account when determining whether a defendant will suffer prejudice by a Rule 41(a)(2) voluntary dismissal: (1) the defendant's

effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. See Elbaor, 279 F.3d at 318 n.3 (citing Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998)).

The Court finds the first factor to weigh somewhat against granting a voluntary dismissal under Rule 41(a)(2). This action has been pending for nearly a year, and numerous motions and memoranda have been submitted by the County Defendants. For similar reasons, the Court finds the second factor also weighs against dismissal under Rule 41(a)(2). The discovery period closed on September 23, 2011, yet no discovery has been conducted. Plaintiffs have been afforded numerous opportunities to amend their complaint to state a claim against the County Defendants.

As to the third factor, the only explanation provided by Plaintiffs for seeking dismissal under Rule 41(a)(2) is, "That Plaintiffs filed their Second Amended Complaint and in it did not include any allegations against Lowndes County, Mississippi." The Court finds this factor to weigh heavily against dismissal under Rule 41(a)(2), because, as stated above, this request was made only after the County Defendants filed a dispositive motion. Finally, a motion for summary judgment has been filed, making the fourth factor also weigh against a voluntary dismissal.

In a case somewhat analogous to the situation presented here, the Fifth Circuit affirmed the district court's denial of Plaintiff's motion for a voluntary dismissal. Davis v. Huskipower Outdoor Eqipment Corp., 936 F.2d 193, 198-99 (5th Cir. 1991). The court noted that the plaintiffs moved to dismiss the case more than a year after it was removed, after months of filing pleadings, attending conferences, and submitting memoranda. Id. at 99. The court also found significant that the motion to voluntarily dismiss was not filed until after the magistrate judge had considered the case and

issued a comprehensive recommendation that was adverse to plaintiffs' position. Id. Similarly, after careful consideration of the record as a whole, the Court finds that Lowndes County would be prejudiced at this point by granting Plaintiffs a Rule 41(a)(2) dismissal. In addition to the factors discussed above, Plaintiffs are obviously "seek[ing] to avoid an imminent adverse ruling." In re FEMA Trailer Formaldahyde Products Liability Litigation, 628 F.3d at 162-63. Therefore, Plaintiffs request for a voluntary dismissal will be denied.

Turning now to the pending Motion to Dismiss, the Court, having carefully scrutinized the Second Amended Complaint, agrees with the Plaintiffs' (and County Defendants') assessment that it fails to state a claim against Lowndes County. Allegations against Lowndes County appear only three times in the Complaint. Paragraph 9 avers that "Defendant, Lowndes County, Mississippi may be served with process by serving the president of the Board of Supervisors." Paragraph 10 avers that the Columbus-Lowndes Metro Narcotics Unit is comprised of officers of the Columbus Police Department and the Lowndes County Sheriff's Department. Finally, paragraph 32 avers that Defendants David Criddle and John Duke are agents of the Columbus-Lowndes County Metro Narcotics Unit. This falls well short of "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, 127 S. Ct. 1955, against Lowndes County. Accordingly, the Court grants the County Defendants' Motion to Dismiss, and Plaintiffs' claims against Lowndes County and the Columbus-Lowndes Metro Narcotics Unit are dismissed with prejudice.

*Attorneys' Fees*

In their reply and accompanying brief, the County Defendants request an award of attorneys' fees under Fed. R. Civ. P. 11 and / or 42 U.S.C. § 1988. Regarding Section 1988, this argument was not raised in Defendants' Motion to Dismiss, and this Court will not consider issues raised for the

first time in a reply brief. See Stuckey v. Miss. Transp. Comm'n, 2009 WL 230032, at *2 (S.D. Miss. Jan. 29, 2009); L.U.Civ.R. 7. As to sanctions under Rule 11, although the County Defendants' original Motion to Dismiss references Rule 11 (stating, "Plaintiffs had a duty to investigate facts before filing suit under Rule 11 of the FRCP"), this request fails to comply with the procedural requirements of Rule 11(c).[1] Therefore, the County Defendants' request for attorneys fees will be denied.

SO ORDERED on this, 28th day of September, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1]"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c).

7