**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

FUHGETABOUTIT, LLC, et al.                                                                 PLAINTIFFS

V.                                                      CIVIL ACTION NO. 1:10-CV-207-SA-DAS

COLUMBUS POLICE DEPARTMENT, et al.                                           DEFENDANTS

**MEMORANDUM OPINION**

This cause began as a lawsuit brought by Fuhgetaboutit, LLC, Golden Horn, Inc., and Frederic Fields, individually and as a member of Fuhgetaboutit, LLC, and as a stockholder in Golden Horn, Inc., against the Columbus Police Department, Lowndes County Sheriff's Department, Columbus-Lowndes Metro Narcotics Unit, David Criddle, John Duke, and twelve John Doe Defendants, for civil rights violations and defamation centering around events occurring in and around the Fuhghetaboutit Bar and Grill. Presently before the Court is an Amended Motion to Dismiss with Prejudice [72] filed by Defendants City of Columbus, David Criddle, and John Duke. The motion seeks dismissal pursuant to Rules 12, 41(b), and 56. Because the Court has not considered matters outside the pleadings, Defendants' motion will be analyzed under the motion to dismiss standard.

**PROCEDURAL HISTORY**.

In a March 10, 2011 Order [36], this Court granted the Defendants' Motion for a More Definite Statement. Plaintiffs were ordered to put forward specific allegations against each Defendant named in Plaintiffs' Complaint. Plaintiffs were also granted leave to substitute the Lowndes County Sheriff's Department and Columbus Police Department for the proper municipal entities. In a June 7, 2011 Order [66], this Court granted Defendants' Motion to Strike Plaintiffs' First Amended Complaint because it attempted to add additional claims and parties without leave

of Court in violation of Federal Rule of Civil Procedure 15(a)(2). The Court afforded Plaintiffs another opportunity to comply with its March 10, 2011 Order. On June 21, 2011, Plaintiffs filed their Second Amended Complaint. The Second Amended Complaint asserts claims under 42 U.S.C. § 1983 against the City of Columbus, as well as state law claims for defamation against Columbus Police Officers John Duke and David Criddle.[1]

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ––– U.S. ––––, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

The Supreme Court's recent decision in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because

---

[1] Lowndes County and the Columbus-Lowndes Metro Narcotics Unit were dismissed from this suit by the Court's September 28, 2011 Order [94].

2

they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. With that framework in mind, the Court now turns to the well-pleaded factual allegations in the complaint.

### FACTUAL ALLEGATIONS

The Second Amended Complaint asserts the following: Plaintiff Frederick Fields formed Fuhgetaboutit, LLC for the purpose of operating a bar and grill by the same name in Columbus, Mississippi. The Complaint states that since opening, officers of the Columbus Police Department have made frequent visits to Fuhgetaboutit. The Complaint recites a series of incidents occurring during the summer of 2010.

On May 3, 2010, a Fuhgetaboutit patron named Ben Greco was ejected from the bar for "causing problems." Greco then broke a window in a building a few doors down the street. A week later, Dustin Nichols, a Fuhgetaboutit security guard, was arrested for assaulting Greco. Fuhgetaboutit employee Michael Bentley was also ticketed for selling beer to Greco, who was a minor.

On May 6, 2010, Fields was visited at Fuhgetaboutit by "twelve officers dressed in their riot gear," who claimed Fields had an illegal bar upstairs.[2] They insisted they were going to search upstairs, and "feeling that he had no choice . . . Fields [allowed] the officers to search upstairs where they saw that there was no bar." Fields claims this is unfair treatment "due to the fact that the Chief of Police stated that a neighboring building, Huck's Place has an underground bar being used illegally, yet nothing has been done as far as Plaintiff Fields knows." Fields also alleges that the

---

[2]The Complaint fails to identify the agency or department the officers worked for.

Chief of Police knows this because he has performed there with a musical group.

The Complaint alleges that in June or July 2010, officers of the Columbus Police Department attempted to arrest patrons at Fuhgetaboutit, "and he [sic] claiming alcohol was being served after hours when it was clearly not after hours." The Complaint also asserts "Nikki Goodwin, an employee of Fuhgetaboutit was been [sic] pulled over by officers of the Columbus Police Department after she left work and was going home. When she was stopped, she was then interrogated in an attempt to find out 'where does Freddie get his drugs.'"

Finally, the Complaint alleges that City of Columbus Police Officers David Criddle and John Duke have been making defamatory statements about Fields.[3]

## DISCUSSION

The Complaint asserts two counts. Count one is styled "Failure to Instruct, Supervise, Control and Discipline against the City of Columbus, Mississippi (Civil Rights Violation Under 42 USC, Section 1983)."[4] Count two is styled "Freddie Fields Defamation Claim against David Criddle and John Duke." The Complaint also includes a third "Claim for Relief" seeking attorneys fees.

I.   Section 1983 Claim Against the City of Columbus

Liability may be imposed upon any person who, acting under the color of state law, deprives

---

[3]Because this Court declines to exercise supplemental jurisdiction over the state law defamation claims alleged, the particulars of the defamatory statements are unnecessary for this opinion.

[4] In their response to Defendants' Motion, Plaintiffs state: "Mention was made in the City's Motion that the Golden Horn, Inc. and Fuhgetaboutit, LLC made no claims against the Defendants. The Plaintiffs, in filing their Second Amended Complaint, made all allegations under both Federal and State Claims regarding the actionable treatment of Plaintiff Fields by the Defendants. No allegations were made on behalf of Golden Horn, Inc. or Fuhgetaboutit, LLC as they are not natural persons and cannot recover under 42 U.S.C. 1983." The Court construes this as conceding any claims by these Plaintiffs.

4

another of federally protected rights. 42 U.S.C. § 1983. Municipalities are considered "persons" who may be sued directly under Section 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691, 98 S. Ct. 2018. "It is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation." Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 436 (5th Cir. 2008).

To establish municipal liability under Section 1983, a plaintiff must establish three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). The three requirements for municipal liability outlined in Piotrowski are necessary to distinguish individual violations by local employees from those that can be fairly attributed to conduct by the governmental entity itself. See id. at 578–79. Therefore, in order to state a claim, Plaintiffs "must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation." McClure v. Biesenbach, 355 F. App'x 800, 803 (5th Cir. 2009) (citing Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997)). Furthermore, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." Spiller, 130 F.3d at 167. In other words, "[t]he real question is whether [Plaintiffs'] complaint contains sufficient factual matter, accepted as true, to state a claim for relief against [the City of Columbus] that is plausible on its face." Prince v. Curry, 423 F. App'x 447, 450 (5th Cir. 2011).

*1.      Underlying Constitutional Violations*

As a preliminary matter, the Court must identify what constitutional violations are alleged in the Complaint. The Complaint asserts that Plaintiff Fields was deprived of his right to be free from excessive and unreasonable police action, the right to be secure against unreasonable searches and seizures, the right to pursue a lawful business, and equal protection of law.[5] However, these are legal conclusions, and while they may provide the framework for a Complaint, they must be supported factual allegations. Iqbal, 129 S. Ct. at 1950. Examining the well pleaded factual allegations, the only plausible constitutional violation inflicted upon Fields appears to be an illegal search of the apartments above the Fuhgetaboutit bar.[6] However, to state a claim against the City of Columbus, in addition to an underlying constitutional violation, Fields must also show a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom.

2.   *Policymaker*

A policymaker is one vested with authority, either expressly or impliedly, by the city's governing body, and whom the governing body acknowledges as acting within his or her area of responsibility. Bennett v. City of Slidell, 728 F.2d 762, 769 (5th Cir. 1984). The Complaint fails to specifically identify who Plaintiffs are alleging to be the policymaker for the City of Columbus,

---

[5]Regarding any alleged Fourteenth Amendment violations, the Plaintiffs have failed to allege either an intent to discriminate or unequal treatment of similarly situated individuals. To maintain an equal protection claim, a plaintiff typically alleges that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). The Second Amended Complaint before the Court contains no such allegations.

[6]Defendants argue that the language of the Complaint suggest Fields consented to any search. For the purposes of this opinion, the Court assumes that Fields has alleged a violation of his Fourth Amendment rights.

only alleging that "the City of Columbus . . . acted through its agents and employees who were responsible for making policy of the Police Department." However, the Complaint later states that Fields has had numerous conversations with the Chief of Police of the Columbus Police Department regarding the above described incidents. Therefore, the Court assumes that Plaintiffs have identified the Chief of Police as a final policymaker.

3. *Official Policy or Custom*

"Official policy" is defined as "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984). Alternatively, an official policy may consist of "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." Id. A municipality is not liable under Section 1983 for the actions of its officers or employees unless they execute official policy as described above. Id.

Failure to train municipal employees may also constitute a "policy," but only when it "reflects a 'deliberate' or 'conscious' choice by a municipality." City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To prevail on a failure to train theory of municipal liability, a plaintiff must demonstrate: (1) the municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the infringement of the plaintiff's rights. World Wide

7

Street Preachers Fellowship v. Town of Columbia, 291 F.3d 747, 756 (5th Cir. 2009). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of [its] actions." Bryan Cnty. v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). Proof of more than a single instance of lack of supervision causing a violation of constitutional rights is required before such lack of training can constitute deliberate indifference. Thompson v. Upshur Cnty, 245 F.3d 447, 458 (5th Cir. 2001). Instead, the plaintiff must generally demonstrate that the municipality or supervisor had notice of a pattern of prior acts "fairly similar to what ultimately transpired." Davis v. City of North Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005).[7]

Here, Fields does not allege a specific policy statement, ordinance, regulation, or decision that was officially adopted and promulgated. Nor does he allege a pattern of similar constitutional violations. Instead, he only conclusorily alleges that "Criddle, Duke and John Does 1-20, were acting pursuant to either the police policy or practice, custom and usage of the City of Columbus and its Police Department;" that "the City of Columbus intentionally, knowingly, recklessly, or with deliberate indifference failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Criddle and Duke and John Doe Defendants 1-12 [sic] performance of their duties;" and

---

[7]Fields fails to argue that his claim falls under what the Supreme Court recently described as the "extremely narrow category of claims where 'the unconstitutional consequences of failing to train could be so patently obvious that a city [or other local government] could be liable under § 1983 without proof of a pre-existing pattern of violations.'" Prince, 423 F. App'x at 451-52 (quoting Connick, 131 S. Ct. at 1361) (describing hypothetical example of a city deploying armed officers to capture fleeing felons without training the officers in the use of deadly force).

8

"[the] City of Columbus created an unreasonable risk of harm to the Plaintiff Fields for failing to adequately train and supervise their employees." These allegations are entirely conclusory and therefore not entitled to the presumption of truth. See Iqbal, 129 S. Ct. at 1949.

The Complaint fails to describe a policy statement, ordinance, regulation, or decision that was officially adopted by the City of Columbus. The Complaint fails to include sufficient facts to allow the Court to infer a "persistent, widespread practice" of illegal searches "so common and well settled as to constitute a custom that fairly represents municipal policy." Webster, 735 F.2d at 853. A single incident is generally insufficient to show a policy or custom. World Wide Street Preachers, 291 F.3d at 752. Moreover, the Complaint fails to allege how any such policy or custom was the moving force behind the constitutional violation complained of.

At best, Fields has provided a "formulaic recitations of the elements of a cause of action," or "a legal conclusion couched as a factual allegation." See Twombly, 550 U.S. at 555, 127 S. Ct. 1955. Fields has not plead any facts which, taken as true, show that the search was taken pursuant to an official policy, or that there has been a pattern of similar constitutional violations sufficient to allow the Court to reasonably infer an illegal custom, or that the City of Columbus was deliberately indifferent in adopting its training procedures. Fields' factual allegations are insufficient to nudge his claims of municipal liability from conceivable to plausible. Therefore, Fields' Section 1983 claim against the City of Columbus is dismissed for failure to state a claim.

II.     State Law Claims

Plaintiff also alleges state law claims for defamation against David Criddle and John Duke. However, because Plaintiffs' federal claim has been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Certain

9

Underwriters at Lloyd's, London v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir. 2006) (explaining "it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case"). Accordingly, Plaintiffs state law claims are dismissed without prejudice and this case is closed.

III. Other Motions

Defendants have also filed a renewed Motion to Dismiss with Prejudice [85] pursuant to Rule 41 of the Federal Rules of Civil Procedure. However, because the Court has dismissed Plaintiffs' Section 1983 claim and declined to exercise supplemental jurisdiction over the remaining state law claims, the Court denies this motion as moot.

### CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted as to Plaintiffs' Section 1983 claim against the City of Columbus. The Court declines to exercise supplemental over the remaining state law claims and such claims shall be dismissed without prejudice.

SO ORDERED on this, the 17th day of October, 2011.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**